ORIGINAL

REISSUED FOR PUBLICATION
DEC 26 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 17-746V
Filed: November 29, 2017
Not to be Published.

FILED

NOV 2 9 2017

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CAFILLIAR PERDUE | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Tetanus-diphtheria-acellular pertussis
("Tdap") vaccine; cold, bronchitis,
pneumonia; no expert report; medical
records not supportive of causation;
dismissal for failure to prosecute

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Cafilliar Perdue, Jackson, MS, for petitioner (pro se).
Heather L. Pearlman, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On June 6, 2017, petitioner filed a petition pro se under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on October 13, 2016 caused her a cold, bronchitis, and pneumonia which she claims she still has. Petitioner filed her medical records without a petition. The undersigned's page numbering refers to the CM-ECF page numbers in the upper right-hand corners since petitioner did not number her pages. Occasionally, the referenced page numbers are to the pagination in internal documents with docket entry notations.

The medical records substantiate that petitioner had a cold one week after her Tdap

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

vaccination, followed by bronchitis, and pneumonia from which she has fully recovered. No treating doctor supports petitioner's allegations and petitioner has not filed an expert medical report substantiating her allegations. In an Order dated October 26, 2017, the undersigned ordered petitioner to file a doctor's letter in support of her allegations or a motion to dismiss by November 17, 2017. If she did neither, the undersigned would issue an Order to Show Cause why this case should not be dismissed. Petitioner did not file anything on November 17, 2017.

On November 20, 2017, the undersigned issued an Order to Show Cause by November 28, 2017 why this case should not be dismissed. Petitioner did not file anything by November 28, 2017.

This case is now **DISMISSED** for failure to prosecute and failure to obey the undersigned's Order to Show Cause, under Vaccine Rule 21(b)(1).

## FACTS

On October 13, 2016, petitioner received Tdap vaccine.

On October 27, 2016, petitioner phoned RN Linda T. McCoy and said she had a productive cough with brown mucus for seven days with wheezing and slight shortness of breath. Med. recs. at 7.

On November 9, 2016, petitioner went to the emergency room, complaining of chest congestion. Id. On that same date, she saw Dr. L.C. Tennin, complaining of a one-week history of chest congestion, cough, nasal congestion, and myalgia. Id. at 9. Petitioner stated she did not feel well after she received her Tdap immunization in October, but denied fever, pleuritic chest pain, or hemoptysis (blood-stained sputum). On a physical examination, petitioner had bilateral rhonchi with an occasional wheeze and bilateral nasal congestion. Dr. Tennin diagnosed petitioner with acute bronchitis. Id.

On November 23, 2016, petitioner saw Dr. Ismael H. Soto Rivas, an emergency medicine doctor, for an evaluation of wheezing after petitioner completed oral antibiotics for acute bronchitis two days earlier. Id. at 22. Two weeks previously, petitioner had a common cold with a runny nose, productive cough, and postnasal drip. She did not have fever or chills, but she did have some shortness of breath. Id. The triage nurse Chamberland P. Adams noted that petitioner complained of congestion and bilateral arm pain. Id. at 25. Petitioner was treated for bronchitis on November 9, 2016 and said she believed she was not getting better. Id. She also stated she was having bilateral arm pain. Id.

On January 1, 2017, petitioner had a chest x-ray which Dr. James N. Wise wrote showed that petitioner had clear lungs. Id. at 31. On the same date, petitioner saw RN Carolyn Meredith, complaining of wheezing and needing a refill for Albuterol. Id. at 32. She also had chronic back pain. Id. On the same date, petitioner saw Dr. Lan Zhou who diagnosed petitioner with an upper respiratory infection. Id. at 34.

On May 15, 2017, petitioner saw RN Meredith, complaining of her feet itching for six months. Id. at 47. Petitioner also needed a refill of Albuterol. Id.

On September 28, 2017, petitioner saw her personal care physician, Dr. Selika M Sweet. Id. at 75 (Dkt. Entry 13, at 2.). Petitioner stated she needed a letter saying she had pneumonia after receiving a Tdap vaccine. Dr. Sweet wrote in her medical records, "I do not agree Tdap has caused chronic problems." Id. at 76. Dr. Sweet made a pulmonology referral for petitioner.

Also on September 28, 2017, petitioner saw the pulmonologist Dr. Joseph M. Brewer for consultation for petitioner's cough. Id. at 74 (Dkt. Entry 13, at 1.). Dr. Sweet's note mentioned that petitioner received a Tdap vaccine and wanted a letter stating it caused bronchitis and pneumonia. Dr. Sweet discussed with petitioner that she did not agree that the Tdap vaccine caused pulmonary abnormalities. Her chest x-rays were all normal. Dr. Brewer wrote that "There is no current evidence to suggest that Tdap causes chronic cough/bronchitis." Id. Dr. Pui-Man P. Low concurred with Dr. Brewer's findings and conclusions. Id.

On October 29, 2017, petitioner saw Dr. Michael Nash Gleason, an emergency medical physician, reporting that she had shortness of breath since October 2016 with worsening of shortness of breath and tightness in her chest. Dkt. Entry 16, at 1. She believed her cough, shortness of breath, and chest pressure were related to a Tdap vaccination she received over a year before. Petitioner had a history of schizophrenia. She stated that nothing worsened or relieved her cough and shortness of breath. Petitioner stated that since she received the Tdap vaccine, the tetanus "set up in her chest and has caused her symptoms ever since." Id. A chest x-ray done on October 29, 2017 showed no acute cardiopulmonary abnormality. Id. at 3. Petitioner left the emergency room without telling any staff she was doing so. Id. at 2. Dr. Mark Valverde's diagnosis was schizophrenia paranoid type and low back pain. Id.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for the Tdap vaccine, she would not have a cold, bronchitis, and pneumonia, but also that the Tdap vaccine was a substantial factor in causing her cold, bronchitis, and pneumonia. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Under the Vaccine Act, 42 U.S.C. § 300aa-11(c)(1)(D)(iii), petitioner must also prove that her alleged vaccine injury lasted more than six months. The medical records show that she recovered from her pneumonia before six months had elapsed. Even if petitioner could prove that tetanus vaccine caused her cold, bronchitis, and pneumonia, she would not be able to satisfy the statutory requirement that her cold, bronchitis, and pneumonia lasted more than six months.

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegations. Her treating doctors, both her personal care physician and her pulmonologist, state that petitioner's Tdap vaccination had nothing to do with her cold, bronchitis, and pneumonia. Moreover, they state that she was well within a few months of vaccination. Petitioner has not filed an expert opinion in support of her allegations. Other emergency room physicians have scanned her lungs and found them clear even though petitioner asserts she still has shortness of breath and chest pressure.

The Federal Circuit in Capizzano v. Sec'y of HHS, 440 F.3d 1317, 1326 (Fed. Cir. 2006), emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury." See also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009). The undersigned accepts the statements of petitioner's treating physicians that petitioner's cold, bronchitis, and pneumonia were unrelated to her Tdap vaccination, that petitioner recovered from pneumonia within six months of Tdap vaccination, and that her lungs are currently clear.

This undersigned **DISMISSES** this petition for failure to prosecute and failure to obey the undersigned's Order to Show Cause, under Vaccine Rule 21(b)(1).

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated:  November 29, 2017

Laura D. Millman
Special Master